Spencer, J.
By its charter the plaintiff company is given perpetual succession and is authorized to expropriate lands for its uses in the manner provided for by existing laws. Section 1479, R. S., provides for the form of the petition in a suit for expropriation, and directs that it conclude with a prayer that the land be adjudged to the corporation, upon payment to the owner of all such damages as shall be caused him by the expropriation.
Section 1481 provides that the jury shall by its verdict determine “ what is the value of the land described in the petition, etc., and what damages, if any, the owner would sustain in addition to the loss of the land by expropriation.”
Section 1483 provides that upon payment of the amount awarded, etc., the corporation shall be entitled “to the right, title, and estate of the owner” in the lands “in the same manner as a voluntary conveyance” would give it.
Section 1485 authorizes the owner by “a special plea” to dispute “ the extent of the land ” to be purchased by the corporation.
Section 1482 requires the jury to take as the basis of assessment “the true value which the land possessed before the contemplated improvement was proposed, and without deducting therefrom any amount for the benefit derived by the owner from the contemplated improvement or work.”
Proceeding under these laws, the plaintiff seeks to expropriate in full ownership a strip of land 150 feet wide across the defendant’s “Augusta Plantation,” with an area of 13 7-100 acres.
The answer is a general denial and a special plea that fifty feet in width would suffice for plaintiff’s needs.
The case was tried by a j ury of freeholders, who after trial rendered a verdict as follows :
“We find for plaintiff — right of way one hundred and fifty feet wide through Augusta Plantation and title to the same. We find for defendant-thirty dollars per acre, for land, say 13 7-100 acres as represented on map; seventy-five dollars per acre for two acres of cane destroyed by railroad company ; twenty-five dollars for cane destroyed on headlands by railroad company; twenty-four dollars for corn destroyed by the railroad company; two hundred and fifty dollars damages for drainage.”
The court upon this verdict adjudged the land to plaintiff in fee, upon condition of its paying the amount awarded to defendant as the price and damages.
*432 Defendant appeals. He contends :
1st. That under the terms of the verdict the judgment should only have awarded “ a right of way,” and not the fee or full ownership. The verdict evidently gives plaintiff the fee. The words “and title to the same,” construed by. the pleadings and in connection with the balance of the verdict giving defendant “ thirty dollars per acre for the land,” leave no doubt of this.
There can be no doubt of the right of the plaintiff (especially in the absence of proof that the fee is unnecessary) to have the land adjudicated in full ownership. Our statutes seem to contemplate nothing less, and their constitutionality is not questioned by defendant. We think that the legal presumption is that the full oionership is necessary to a corporation having perpetual existence, and -that if it is not necessary, the onus of showing it is on the defendant, who should specially plead it. Our statutes on this subject are special, and are not to be controlled by common-law rules where no such statutes exist, or where they are silent as to the nature and extent of the title to be expropriated.
Besides, the question as to the necessities of the road in this regard was one of fact, upon which we would hesitate to disturb the verdict of an intelligent jury of freeholders, as this was. The fact that the corporation, after expropriation, may so use or misuse the property taken as to injure the person from whom it has been wrested, is a very fit subject for legislative consideration, and some remedy ought to be provided. But it is the duty of this court to administer the law as it is, and not as it ought to be.
The 2d, 3d, and 4th points made by the defendant relate to the quantity of land needed by the plaintiff, to its value, and to the value of cane and corn destroyed. The evidence on these questions of fact is somewhat conflicting, and we can not say the jury manifestly erred. In the nature of things, a fair jury of intelligent freeholders, from the vicinage, ought to be as good judges of such facts as this court. We shall not disturb their finding.
5th. The judge a quo was asked by defendant to charge the jury that as offset to the damages claimed by defendant it was not competent for plaintiff to show general benefits resulting from the building of the road common to all persons who own property in the vicinity. The court in lieu of the desired charge instructed the jury that the damages beyond the value of the land taken “could be offset by the enhanced value of the land not sought to be expropriated, although ofher lands in the vicinity might be equally enhanced in value by said road.” “ That the jury had the right to set off such damages by the advantages and benefits to the owner derived from the projected railroad and the enhanced value of the property by reason of the public improvement.”
*433 We think the charge given by the court is substantially right, and sustained by authority. Railroad vs. Lagarde, 10 A. 150 ; Railroad vs. Calderwood, 15 A. 481. The true question for the jury was, to what amount would the Augusta Plantation be enhanced in value by the building of plaintiff’s railroad? The amount of that enhancement could 'be set off against any damages which that plantation suffered by the building of the road. The purpose of the law is to save the owner from •any loss resulting to the particular premises invaded. If the owner derives an advantage on one hand equal to the loss he sustains on the other what grounds has he for damages ? We do not see that the proposition •cited from Cooley, p. 569, to the effect that “ benefits which the owner receives in common with the community at large, in consequence of Ms ■•ownership of other property,” militates against this view. Advantages derived by defendants as owners of other property than- the Augusta Plantation obviously could not be offset to the damages done that plantation. We understand this to be the extent of the rule laid down by Cooley.
We see no reason to disturb the verdict and judgment appealed from, and they are affirmed at costs of appellant.